# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-898V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| THEODORE A. BRYAN, | * | |
| | * | |
| Petitioner, | * | Special Master Shah |
| | * | |
| v. | * | Filed: August 19, 2025 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

*Richard Gage,* Richard Gage, P.C., Cheyenne, WY, for Petitioner.
*Camille Michelle Collett,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 23, 2014, Theodore Bryan ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] ECF No. 1 ("Pet."). Petitioner alleged that he suffered mental and physical injuries, resulting in permanent disability, from the influenza ("flu") vaccination he received on October 10, 2011. Pet. at 1. *Id.* On January 9, 2015, Petitioner filed an amended petition, alleging that he developed chronic fatigue syndrome caused by the subject vaccine. ECF No. 15 at 2. On October 9, 2020, former Special Master Katherine E. Oler issued a Ruling on Entitlement granting entitlement, and the case entered the damages phase. ECF Nos. 132, 135.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On June 3, 2021, Special Master Oler issued a Decision Awarding Interim Attorneys' Fees and Damages, totaling $135,922.68. ECF No. 149.

The parties were unable to resolve damages. On July 15, 2024, following a hearing on damages, Special Master Oler issued a Ruling Awarding Damages in which she determined the award for past and future pain and suffering and directed the parties to file a joint status report listing all items of compensation for a decision. Ruling Awarding Damages at 2, 31 (ECF No. 227).

On August 12, 2024, this case was reassigned to my docket. ECF No. 230. The parties filed a joint status report on September 20, 2024, confirming all issues were resolved and formalizing a list of the items of compensation and the form of Petitioner's award. ECF No. 234. On September 23, 2024, I adopted the parties' joint status report and issued a Decision Awarding Damages. ECF No. 235. Petitioner was awarded $1,371,217.74 in damages. *Id*.

On November 5, 2024, Petitioner filed this application for final attorneys' fees and costs ("Fees App."). ECF No. 239. Petitioner requests attorneys' fees and costs in the amount of $232,189.51, consisting of $137,151.00 in attorneys' fees and $95,038.51 in attorneys' costs. Fees App., Tab A at 7. Petitioner indicated he did not personally incur costs related to the prosecution of this petition. Fees App., Tab H at 121. Respondent responded ("Fees Resp.") on November 7, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2-3. On August 13, 2025, Petitioner filed supplemental documentation in support of his application. ECF No. 241.

This matter is now ripe for consideration.

**I.    Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation in a decision, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

### A. Reasonable Hourly Rates

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Petitioner requests compensation for Mr. Richard Gage at the following hourly rates: $350.00 for work performed in 2020; $362.00 for work performed in 2021; $393.00 for work performed in 2022; $422.00 for work performed in 2023; and $441.00 for work performed in 2024. Petitioner also requests compensation for work performed by attorney Kristen Blume at the following hourly rates: $350.00 for work performed in 2020 and 2021; $386.00 for work performed in 2022; and $422.00 for work performed in 2023 and 2024. Lastly, Petitioner requests paralegal hourly rates from $120.00-159.00 for work performed between 2020 and 2024. *See* Fees App. Tab B.

These hourly rates are consistent to what Mr. Gage and his firm have previously been awarded. *See, e.g., Rogers v. Sec'y of Health & Hum. Servs.*, No. 22-1714V, 2025 WL 1733913 (Fed. Cl. Spec. Mstr. May 21, 2025); *Allen-Scott v. Sec'y of Health & Hum. Servs.*, No. 19-1517V, 2024 WL 4839286 (Fed. Cl. Spec. Mstr. Aug. 14, 2024); *Jeffries v. Sec'y of Health & Hum. Servs.*, No. 21-884V, 2024 WL 4003035 (Fed. Cl. Spec. Mstr. Aug. 2, 2024). Accordingly, I find the requested rates are reasonable and will award them herein.

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

I have reviewed all of Mr. Gage and his colleagues' billed hours and find them to be reasonable. Respondent did not raise any specific objections.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$137,151.00**.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $95,038.51 for attorneys' costs. This amount includes costs associated with acquiring medical records, hearing transcripts, and copies, along with expert

services provided by Drs. Susan Levine and Charles Lapp. Petitioner also requests costs for life care planning services provided by Ms. Elizabeth Kattman of ReEntry Rehabilitation Services, Inc., at rates between $125.00-$225.00 per hour for 175.32 hours, totaling $37,335.00. Finally, he seeks the cost of services provided by economist Dr. Mark McNulty at $400.00 per hour for 43.25 hours, totaling $17,500.00. Fees App., Tab G at 1-2. Some of these costs require reduction.

1. Duplicative Billing

Petitioner requests reimbursement for the following expenses:

- 5-Sep-19 – Dr. Susan Levine - $2,500.00
- 11-Feb-21 – For The Record - Invoice Dated: 2/7/19 - Invoice # 20190262 PET – $2,464.04
- 20-Apr-21 – Dr. Susan Levine – $2,775.00
- 20-Apr-21 – Charles W. Lapp-invoice dated: 12/13/19 – $19,324.08
- 20-Apr-21 – Dr. Susan Levine – $2,775.00

Fees App., Tab G at 1. Petitioner billed for these exact expenses in his motion for interim fees and costs. ECF No. 129 at 80-81. Moreover, these expenses were previously awarded in the June 3, 2021 Decision Awarding Interim Attorneys' Fees and Costs. *See Bryan v. Sec'y of Health & Hum. Servs.*, No. 14-898V, 2021 WL 3011913, at *4-5 (Fed. Cl. Spec. Mstr. June 3, 2021). These duplicative expenses will not be reimbursed. This results in a reduction of **$29,838.12**.

2. Miscellaneous Expenses

Petitioner requests reimbursement for 5,016 photocopies made between August 2020 and October 2024, at rate of $0.20 per copy, totaling $5,016.20. Fees App. at 96. However, at this rate, the total cost of the photocopies should only be $1,003.20. This discrepancy results in a reduction of **$4,013.00**.

Finally, although Petitioner provided receipts and supporting documentation for the majority of his requested costs, there was no receipt or invoice for the following costs:

- 5-Oct-20 – Med Records - Turnpaugh Health – $173.48;
- 1-Feb-22 – Invoice from Turnpaugh Health for Medical records – $133.36.

Petitioners bear the burden of substantiating the reasonableness of costs with "supporting documentation such as receipts, invoices, canceled checks, etc." *Solomon v. Sec'y of Health & Hum. Servs.*, No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (quoting *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-097V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). Special masters, however, have awarded compensation for costs without documentation when they are "satisfied that the costs incurred were related to the proceedings ... and were reasonable." *Erickson v. Sec'y of Health & Hum. Servs.*, No. 96–361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also English v. Sec'y of Health & Hum. Servs.*, No. 01–61V, 2006 WL 3419805, at *14–15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006) (allowing payment for computer research even though no documentation was provided). Petitioner notes

that he willing to waive the October 5, 2020 payment of $173.48.  Fees App., Tab H at 2.  I will deduct that amount but grant the February 1, 2022 payment for medical records, as that seems reasonable.

Petitioner has provided adequate documentation supporting the remainder of the requested costs, and Respondent has not identified any specific costs as objectionable.  I find these costs to be reasonable and shall fully reimburse them.

Accordingly, Petitioner is awarded final attorneys' costs in the amount of **$61,013.91**.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable, as described above.  I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $137,151.00 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$137,151.00** |
| | |
| Attorneys' Costs Requested | $95,038.51 |
| (Reduction to Costs) | ($34,024.60) |
| **Total Attorneys' Costs Awarded** | **$61,013.91** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$198,164.91** |

**Accordingly, I award a lump sum in the amount of $198,164.91, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).